JUSTICE RICE
dissenting.
¶15 During Rios’s initial appearance, Judge Harris noted that Rios, although requesting appointment of a public defender, was employed full time at the rate of $12.50 per hour, that his wife was also employed, and that he had no dependents. The court appointed counsel for Rios, but because the initial information, according to Judge Harris’s affidavit, “indicated a high probability that Defendant did not qualify for a public defender,” the Judge scheduled a hearing to review Rios’s eligibility for defender services.
¶16 The Court strikes down this effort, concluding that the statute “limits the court’s involvement to those circumstances in which either of the parties request review regarding a defendant’s eligibility for public defender services” because “[n]owhere in the statute... does the Legislature contemplate the court initiating the review process based on its own doubts about a defendant’s eligibility.”
¶17 I find the Court’s statutory interpretation, and the implications thereof, to be untenable. Section 47-l-lll(l)(d), MCA, clearly states that “[a]ny determination pursuant to this section is subject to the review and approval of the court” and places none of the limitations on the courts which the Court imposes today. Nowhere does the statute limit a court’s authority herein “to those circumstances in which either of the parties request review.” It makes no sense that a court, empowered to “review” and “approve,” is nonetheless rendered powerless to “inquire.”
¶18 As the Attorney General notes, trial courts retain broad discretion to conduct the matters which come before them and to provide for the orderly administration of justice. However, on the basis of restrictions it reads into the statute, the Court today bars trial courts from exercising any discretion, or even making an inquiry, into a defender matter which arises before it. I cannot agree with this handcuffing of the courts, which should be able to act sua sponte when a matter of concern comes to its attention. I would review such actions under an abuse of discretion standard.
¶19 Since the effective date of the new defender statute, Judge Harris has ordered the appointment of the State Public Defender in approximately 100 cases. This case presented the first instance wherein information came to the court which raised a question-in my view, a legitimate question-about the defendant’s eligibility for *116 defender services. I would conclude that Judge Harris appropriately made inquiry, was not prohibited by law from doing so, and did not abuse his discretion in resolving the matter.